IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Carl D. Salmon, ) | C/A No.: 3:14-4493-MBS-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | REPORT AND RECOMMENDATION |
| ) | |
| South Carolina Electric and Gas, ) | |
| ) | |
| Defendant. ) | |
| ) | |

In this employment discrimination case, Carl D. Salmon ("Plaintiff") sues his former employer, South Carolina Electric and Gas ("Defendant"). Plaintiff brings causes of action for: (1) discrimination under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq.; (2) retaliation under the ADEA and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII"); and (3) defamation. [ECF No. 1-1 at 9–12]. This matter comes before the court on Defendant's motion to dismiss Plaintiff's retaliation claim. [ECF No. 5]. The motion having been fully briefed [ECF Nos. 9, 14], it is ripe for disposition.

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(g) (D.S.C.). Because the motion to dismiss is dispositive, this report and recommendation is entered for the district judge's consideration. For the reasons that follow, the undersigned recommends the district court grant in part and deny in part Defendant's motion to dismiss.

I.   Factual and Procedural Background

The heading of the second cause of action in Plaintiff's complaint states that it is for "Retaliation in Violation of Title VII and the ADEA." [ECF No. 1-1 at 10]. Defendant argues that Plaintiff's retaliation claim should be dismissed because: (1) the factual allegations of the complaint contain no allegations of protected activity under Title VII, and (2) Plaintiff has not exhausted a retaliation claim under the ADEA. [ECF No. 5 at 3–4]. Defendant attaches a copy of Plaintiff's charge of discrimination ("Charge") to its motion.[1] [ECF No. 5-1]. In the Charge, Plaintiff checked the boxes for age and retaliation and continuing action from November 20, 2013 to November 20, 2013. *Id.* Plaintiff wrote the following in the "Particulars" portion of the Charge:

> I worked for the above employer from May 1981, most recently as a Senior Draftsman until I was terminated November 20, 2013. During my employment I was harassed and humiliated on a daily basis by my supervisor, Claude Portee. I was not allowed to take courses that similarly situated younger co-workers were allowed to take. I received disciplines for mistakes that younger employees who had the same issues did not receive write-ups for.
>
> Portee encouraged older employees to retire and began hiring employees in their 20's. November 20, 2013 I was told by Portee he was not pleased with the quality of my work that "things were not working out" and I was discharged. I was replaced by a younger employee.
>
> I believe I have been discriminated against because of my age 54, in violation of the Age Discrimination In Employment Act of 1967, as amended. I also believe I have been discriminated against in violation of Title VII of the Civil Rights Act of 1964 in retaliation for making

---

[1] Because the Charge is referred to in the complaint, consideration of the Charge does not convert the motion into one for summary judgment. *New Beckley Mining Corp. v. Int'l Union, United Mine Workers of America*, 18 F.3d 1161, 1164 (4th Cir. 1994) (holding that the district court did not err in considering, in connection with a Rule 12(b)(6) motion, a document referred to in the plaintiff's complaint to justify a cause of action).

complaints to HR about my supervisor.

*Id*.

In his response to Defendant's motion, Plaintiff withdrew any claim of retaliation pursuant to Title VII. [ECF No. 9 at 4]. Plaintiff argues that the Charge properly identifies and exhausts his claim for retaliation in violation of the ADEA.

II.     Discussion

    A.     Standards on Motion to Dismiss

Dismissal is appropriate under Fed. R. Civ. P. 12(b)(1) where the court lacks subject-matter jurisdiction.[2] A motion to dismiss under Rule 12(b)(1) examines whether a complaint fails to state facts upon which jurisdiction can be founded. It is the plaintiff's burden to prove jurisdiction, and the court is to "regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court is "not required to accept as true the legal conclusions set forth in a plaintiff's complaint." *Edwards v. City of Goldsboro*,

---

[2] Although Defendant only lists the standard under Fed. R. Civ. P. 12(b)(6), the undersigned also includes the 12(b)(1) standard, as Defendant argues the court lacks subject matter jurisdiction of Plaintiff's claim for retaliation under the ADEA. [ECF No. 5 at 3].

178 F.3d 231, 244 (4th Cir. 1999). Indeed, "[t]he presence of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support" the legal conclusion. *Young v. City of Mount Ranier*, 238 F.3d 567, 577 (4th Cir. 2001). Furthermore, in analyzing a Rule 12(b)(6) motion to dismiss, a court may consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs. Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

B. Analysis

Before filing suit under Title VII, a plaintiff must exhaust his administrative remedies by bringing a charge with the Equal Employment Opportunity Commission ("EEOC"). 42 U.S.C. § 2000e–5(f)(1); *see also Smith v. First Union Nat'l Bank*, 202 F.3d 234, 247 (4th Cir. 2000). "A plaintiff's EEOC charge defines the scope of [his] subsequent right to institute a civil suit." *Smith*, 202 F.3d at 247. Only those claims stated in the initial administrative charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent lawsuit. *Evans v. Technologies Applications & Serv. Co.*, 80 F.3d 954, 963 (4th Cir. 1996) (affirming the district court's dismissal of some of the plaintiff's claims because they were outside the scope of her original EEOC charge and were therefore time-barred).

"At the same time, however, the exhaustion requirement should not become a tripwire for hapless plaintiffs." *Sydnor v. Fairfax Cnty., Va.*, 681 F.3d 591, 594 (4th Cir. 2012). The *Sydnor* court further found that "[w]hile it is important to stop clever parties

from circumventing statutory commands, we may not erect insurmountable barriers to litigation out of overly technical concerns." *Id*. Noting that laypersons, rather than lawyers, typically initiate the EEOC process, the Supreme Court has made clear that "[d]ocuments filed by an employee with the EEOC should be construed, to the extent consistent with permissible rules of interpretation, to protect the employee's rights and statutory remedies." *Federal Express Corp. v. Holowecki*, 552 U.S. 389, 406 (2008). Therefore, so long as "a plaintiff's claims in [his] judicial complaint are reasonably related to [his] EEOC charge and can be expected to follow from a reasonable administrative investigation," he "may advance such claims in [his] subsequent civil suit." *Smith*, 202 F.3d at 247.

Here, Plaintiff checked the boxes for age discrimination and retaliation, and he did not check any box indicating Title VII discrimination. [ECF No. 5-1]. In his narrative, he alleged his supervisor discriminated against him based on race and alleged retaliation under Title VII based on his complaints about his supervisor. *Id*. Plaintiff's Charge was arguably ambiguous as to whether he was claiming retaliation under the ADEA or Title VII. However, Plaintiff's retaliation claim based on age would follow from a reasonable administrative investigation.[3]

Defendant cites *Sloop v. Memorial Mission Hosp., Inc.*, 198 F.3d 147, 149 (4th Cir. 1999) in support of its motion. [ECF No. 14 at 3]. The *Sloop* court found that

---

[3] Plaintiff argues in his response, and Defendant has not disputed, that Defendant "addressed potential retaliation in violation of the ADEA in its Commission response." [ECF No. 9 at 3].

plaintiff had not exhausted her Title VII retaliation claim because her EEOC charge only listed a claim for ADEA discrimination. *Id*. In contrast to the instant case, the plaintiff in *Sloop* never indicated on her charge that she was alleging discrimination on any other basis. Here, Plaintiff checked the boxes for retaliation and age discrimination.

Because Plaintiff's retaliation claim under the ADEA is reasonably related to his Charge and could be expected to follow from a reasonable administrative investigation, the undersigned recommends that Defendant's motion to dismiss be denied as to this claim.

III.    Conclusion and Recommendation

The undersigned recommends the district judge grant Defendant's motion to dismiss as to Plaintiff's Title VII retaliation claim[4] and deny it as to Plaintiff's ADEA retaliation claim.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

May 4, 2015                                         Shiva V. Hodges
Columbia, South Carolina                  United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

---

[4] Plaintiff has abandoned his Title VII retaliation claim. [ECF No. 9 at 4].

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).