IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| Carl D. Salmon, ) | |
| ) | C/A No. 3:14-4493-MBS-SVH |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| South Carolina Electric and Gas, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

  Plaintiff Carl D. Salmon brings this action against his former employer, South Carolina Electric & Gas Company (improperly denominated in the caption as "South Carolina Electric and Gas"). Plaintiff alleges he was discriminated against in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621-634 (First Cause of Action), and retaliated against in violation of the ADEA and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq. (Second Cause of Action). Plaintiff also asserts a state law claim for defamation (Third Cause of Action). In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Shiva V. Hodges for pretrial handling.

  This matter is before the court on Defendant's partial motion to dismiss, which motion was filed on November 26, 2014. See Fed. R. Civ. P. 12(b)(6). Defendant contends that Plaintiff's Second Cause of Action should be dismissed because (1) Plaintiff did not specifically assert retaliation under the ADEA in his Charge of Discrimination, and thus failed to exhaust his administrative remedies as to this claim; and (2) Plaintiff makes no allegations in the complaint regarding any unlawful employment practice under Title VII. Plaintiff filed a response in opposition to Defendant's motion to dismiss on January 2, 2015. Plaintiff argues that his Charge of

Discrimination properly identifies retaliation in violation of the ADEA. Plaintiff concedes that he is not seeking recovery for retaliation in violation of Title VII. Defendant filed a reply in support of its partial motion to dismiss on January 8, 2015.

On May 4, 2015, the Magistrate Judge filed a Report and Recommendation in which she reviewed the Charge of Discrimination and noted that Plaintiff indicated ADEA discrimination and retaliation. The Magistrate Judge found that Plaintiff's retaliation claim is reasonably related to the Charge and could be expected to follow from a reasonable administrative investigation. See Smith v. First Union Nat'l Bank, 202 F.3d 234, 247 (4th Cir. 2000). The Magistrate Judge also noted that Plaintiff had conceded Defendant's partial motion to dismiss with respect to any Title VII claim. No party filed objections to the Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. Id. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

The court has thoroughly reviewed the record. The court adopts the Report and Recommendation and incorporates it herein by reference. For the reasons stated herein and in the Report and Recommendation, Defendant's partial motion to dismiss is **granted** as to Plaintiff's Title

VII retaliation claim and **denied** as to Plaintiff's ADEA retaliation claim. The within action is recommitted to the Magistrate Judge for further pretrial handling.

    **IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

May 28, 2015

3